IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | No. | 3:09-cr-00240-3 |
|---|---|---|---|
| | ) | | 3:09-cr-00240-9 |
| v. | ) | | 3:09-cr-00240-10 |
| | ) | | 3:09-cr-00240-11 |
| PAUL MCQUIDDY; CECIL WHITMON, III; | ) | | 3:09-cr-00240-15 |
| MICHAEL DEVONN DAVIS; | ) | | 3:09-cr-00240-17 |
| TIERRA YOUNG; ANTONIO LEE; | ) | | 3:09-cr-00240-21 |
| LEONARD BAUGH; | ) | | 3:09-cr-00240-23 |
| CHRISTOPHER MOODY; PATRICK SCOTT; | ) | | 3:09-cr-00240-25 |
| ANTHONY JOHNSON; JAMES CAMPBELL | ) | | 3:09-cr-00240-26 |
| | ) | Judge Nixon | |

## ORDER

Pending before the Court is Defendant Paul McQuiddy's Motion for Daily Trial Transcript[1] ("Motion") (Doc. No. 423), filed with a Memorandum in Support (Doc. No. 424). Defendants Leonard Baugh, Tierra Young, Cecil Whitmon, III, Patrick Scott, Michael Devonn Davis, Christopher Moody, Anthony Johnson, James Campbell, and Antonio Lee joined the Motion. (Doc. Nos. 689, 746, 978, 984, 991, 1043, 1133, 1386, 1560.) The Government filed a Response. (Doc. No. 1042.) For the following reasons, Mr. McQuiddy's Motion is **GRANTED**.

Mr. McQuiddy requests that the Court order he be provided with a daily transcript of the proceedings in this case pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, because they are necessary for his effective defense. *See Britt v. North Carolina*, 404 U.S. 226, 227 (1971). Mr. McQuiddy argues that (1) the number of defense attorneys in this case will make it exceptionally arduous to keep up with who asks what questions on cross-examination; (2) because examination will likely be time-consuming for

---

[1] The parties use the phrase "daily transcript" or "daily copy" in their pleadings. It is the Court's understanding that the appropriate term is "hourly copy." These terms are used interchangeably throughout this Order.

witnesses due to the number of attorneys who will need to conduct cross-examination, a witness's memory of prior may fade, as may the jury's recollection of a witness's statements; (3) some Government witnesses are likely to testify on direct examination for many hours or days regarding numerous incidents, and therefore, defense attorneys will require access to transcripts to be able to conduct effective cross-examinations; and (4) the mental exhaustion defense attorneys will undergo in attempting to remember witness testimony for weeks or months could result in ineffective cross-examination and serve to unfairly prejudice defendants in this case. (Doc. No. 424.)

The Government responds that denying a motion for daily trial transcripts where a defendant and his counsel are present throughout the trial is not violative of the Sixth Amendment. (Doc. No. 1042.) The Government argues that not only are daily transcripts no more necessary in this case than any other case that lasts several weeks, but that the likelihood of multiple trials means each case will likely be less protracted and complex than was anticipated at the time Mr. McQuiddy filed the Motion. (Doc. No. 1042.)

The Supreme Court identified two factors relevant to the determination of need for an indigent defendant to have transcripts, including: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Britt*, 404 U.S. at 434.

In the instant case, after four defendants have been severed from the January 29, 2013, trial date, fourteen defendants remain joined for trial on thirty-seven counts stemming from approximately seventeen separate incidents. Of these fourteen defendants, all but one have attorneys appointed under the Criminal Justice Act ("CJA") and therefore do not each have a team of lawyers and paralegals to assist in note-taking and recalling information. The Court

finds that an hourly copy,[2] including ASCII,[3] for portions of trial testimony, although costly, is necessary for the defense attorneys' effective preparation for cross-examination, impeachment and other purposes. The Court further finds that Defendants do not have available alternative devices to fulfill the same functions as a transcript.

Accordingly, the Court **GRANTS** the Motion with respect to all above-captioned defendants. The Court further **ORDERS** all CJA appointed attorneys to file a CJA Form 24 with the court reporter no later than two weeks prior to trial.

It is so ORDERED.

Entered this the 3rd day of January, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2]*See* footnote 1.
[3]ASCII is an additional feature of daily copy that provides for daily pdf formatting.